UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-CV-490 |
| | § | |
| STATE FARM LLOYDS, CARRIE | § | |
| TOUSANT, and REGINALD MURRAY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Now pending before the Court is a Motion for Partial Summary Judgment filed by Defendant State Farm Lloyds ("State Farm") (Doc. No. 12), as well as a Motion for Partial Summary Judgment or, in the Alternative, Motion to Dismiss filed by Defendants Carrie Tousant ("Tousant") and Reginald Murray ("Murray") (Doc. No. 13). After considering Defendants' motions, all responses thereto, and the applicable law, the Court concludes that both Defendants' motions for partial summary judgment must be granted in part and denied in part. The motion to dismiss filed by Defendants Tousant and Murray in the alternative must be granted. Plaintiff's claims against Defendants Tousant and Murray are dismissed without prejudice, and Plaintiff is granted leave to amend.

**I.    BACKGROUND**

This case arises out of an insurance claim that Plaintiff Tony Alexander ("Plaintiff" or "Alexander") submitted to Defendant State Farm Lloyds ("State Farm") for fire damage to a residence located at 14 Kings Lake Estates Boulevard, Humble, Texas (the

"Property"). The fire damage to the Property occurred on or about July 25, 2005. (Pl. Original Pet., Doc. No. 17-1 ¶¶ 12-13.)

Plaintiff sought to recover for the fire under a homeowners policy (the "Policy") issued by State Farm insuring the Property. (*Id.* ¶ 14.) The parties appear to be in agreement that Plaintiff also sought coverage under the Policy for the following damages and expenses: damage to additional personal property, additional living expenses ("ALE"), storage expenses, architect plans, debris removal expenses, and Option ID (increased dwelling) coverage. Defendant Tousant, an adjuster assigned to Plaintiff's claim, avers that State Farm determined, during its investigation, that Plaintiff intentionally made material misrepresentations and concealed material facts regarding the claim thereby violating the Concealment or Fraud provisions of the Policy and voiding the Policy. (Affidavit of Carrie Tousant ("Tousant Aff."), Doc. No. 21-A ¶ 6.)

According to Murray, Murray called Plaintiff on June 24, 2008 and notified him of State Farm's decision to deny the remaining claims. (Affidavit of Reginald Murray ("Murray Aff."), Doc. No. 12-B ¶ 3.) Murray avers that Plaintiff then called Murray on June 25, 2008 and requested that State Farm fax a copy of its rejection letter to Plaintiff. (*Id.* ¶ 5.) Murray further states that, on July 2, 2008, Murray called Plaintiff to obtain an address and fax number to which Plaintiff wanted State Farm to send its rejection letter. (*Id.* ¶ 6.) Murray states that, on July 2, 2008, he sent the rejection letter via fax, via U.S. Certified Mail, and via U.S. First Class Mail, to the fax number and address provided by Plaintiff. (*Id.* ¶ 7.) Attached to Tousant's affidavit is a copy of the rejection letter and a delivery confirmation for the fax. (Tousant Aff. at A-1 and A-2.) Murray indicates that the letter sent on July 2, 2008 via certified mail was returned to State Farm on December 19,

2008, by the U.S. Postal Service. (Murray Aff. ¶ 10.) The copy of letter sent via first class mail was not returned. (*Id.* ¶ 11.)

On March 1, 2011, Plaintiff filed his Original Petition in state court in Harris County, Texas. (Doc. No. 17-1.) Plaintiff's Original Petition asserts a number of claims based on State Farm's denial of Plaintiff's insurance claims. Specifically, the Original Petition alleges that Defendants State Farm, Tousant, and Murray committed unfair settlement practices in violation of Section 541.060(a) of the Texas Insurance Code (the "Insurance Code") (Pl. Original Pet. ¶¶ 18-25), and that they engaged in false, misleading or deceptive acts or practices in violation of the Texas Deceptive Trade Practices Act ("DTPA"), codified in Sections 17.41 to 17.63 of the Texas Business and Commerce Code (*Id.* ¶¶ 28-31). The Original Petition also alleges that Defendant State Farm breached the contract between State Farm and Plaintiff, and that State Farm breached the common law duty of good faith and fair dealing. (*Id.* ¶ 27.). Defendant State Farm has filed a Motion for Partial Summary Judgment seeking summary judgment in its favor on Plaintiff's Insurance Code, DTPA, and duty of good faith and fair dealing claims. Defendants Tousant and Murray seek summary judgment as to Plaintiff's Insurance Code and DTPA claims, or, alternatively, dismissal of all of Plaintiff's claims against them.

## II.     LEGAL STANDARD

### A.  Motion for Summary Judgment

Summary judgment is appropriate where the pleadings and evidence show that no genuine issue of material fact exists, and that the movant therefore is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment must demonstrate the absence of any genuine issue of material fact; however, that party need

3

not negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1997). If the moving party meets this burden, the nonmoving party then must go beyond the pleadings to identify specific facts showing there is a genuine issue for trial. *Id.* "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted).

Factual controversies should be resolved in favor of the nonmoving party. *Liquid Air Corp.*, 37 F.3d at 1075. However, "summary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Id.* at 1076 (internal quotations omitted). Importantly, "[t]he nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence." *Diaz v. Superior Energy Servs., LLC*, 341 F. App'x 26, 28 (5th Cir. 2009) (citation omitted). A court should not, in the absence of proof, assume that the nonmoving party could or would provide the necessary facts. *Liquid Air Corp.*, 37 F.3d at 1075.

Rule 56 allows a party to submit an affidavit to support or oppose a motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A). Any such affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

### B. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to

dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, No. 05-30976, 2006 WL 2870972, at \*2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The court must accept

well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 556 U.S. at 679. The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

Allegations of fraud must meet the stricter standards of Federal Rule of Civil Procedure 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotation marks omitted) (citation omitted). The Fifth Circuit has explained that "Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). A claim that a fraud allegation is insufficiently particular under Rule 9(b) is properly raised by a Rule 12(b)(6) motion for dismissal for failure to state a claim. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n. 8 (5th Cir. 2009); *Carter v. Nationwide Property and Cas. Ins. Co.*, 2011 WL 2193385, at *1 (S.D. Tex. June 6, 2011).

Rule 9(b)'s particularity requirement is "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Id.* at 185 (quotations and footnote omitted). Thus Rule 9(b) "requires only simple, concise, and direct allegations of the circumstances

constituting fraud, which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *Id.* at 186 (internal quotations omitted).

As this Court has noted, "[t]he requirements of Rule 9(b) 'apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.'" *Partain v. Mid-Continent Specialty Ins. Services, Inc.*, 838 F. Supp. 2d 547, 557 (S.D. Tex. 2012) (quoting *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Thus, this Court and others in the Southern District of Texas have explained that "[c]laims alleging violations under the Texas Insurance Code that are 'substantively identical' to fraud are subject to the Rule 9(b) pleading requirements." *Carter v. Nationwide Property and Cas. Ins. Co.*, 2011 WL 2193385, at *1 (S.D. Tex. June 6, 2011) (citing *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 789, 800 (N.D. Tex. 2009)); *see also Partain*, 838 F. Supp. 2d at 557.

### III. ANALYSIS

#### A. Motions for Partial Summary Judgment

Defendants State Farm, Tousant, and Murray move for partial summary judgment on the basis that Plaintiff's claims under the Texas Insurance Code, his claims for violations of the DTPA, and his claims for breach of the duty of good faith and fair dealing are barred by the applicable statutes of limitations.

The parties do not dispute that two year statutes of limitations govern the three claims on which Defendants move for partial summary judgment. (Doc. No. 12 at 5; Doc. No. 14 at 7.)[1] Nor does Plaintiff contest Defendants' contention that these statutes would

---

[1] The parties are correct that the claims at issue are subject to two year statutes of limitations. The statute of limitations for unfair settlement practices under Chapter 541 of the Texas Insurance Code is two years. *Provident Life and Accident Insurance Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). The statute of

7

begin to run when Plaintiff received notice of State Farm's rejection of Plaintiff's claims. What divides the parties is whether Plaintiff ever received such notice.

### 1. Notice of State Farm's Rejection of Plaintiff's Remaining Claims

Defendants present Murray's affidavit and a fax confirmation report in support of their position that they notified Plaintiff of State Farm's rejection of his claims. Plaintiff does not submit an affidavit stating that these facts are not accurate or that he did not, in fact, receive State Farm's rejection letter. Instead, Plaintiff moves to strike Murray's affidavit.[2] Plaintiff challenges Murray's affidavit on the bases that it reflects a lack of personal knowledge, that it references unsubstantiated facts, and that it relies upon hearsay. (Doc. No. 14 at 5.)

First, Plaintiff asserts that, "[a]lthough Defendant Murray's Affidavit states that he is the Claim Representative that handled the claim made to State Farm by Plaintiff, he fails to describe how his job duties and purported involvement in the claim afforded him knowledge of any communications and/or events which have transpired between State Farm and Plaintiff." (Doc. No. 14 at 6.) This challenge to Murray's affidavit ignores a number of facts, including: (1) Murray's statement in his affidavit that "this affidavit is true and correct based upon my personal knowledge of the matters set forth herein" (Murray Aff. ¶ 1); (2) Murray's statement in his affidavit that he personally had at least three telephone conversations with Plaintiff informing Plaintiff of the rejection of his

---

limitations for DTPA claims similarly is two years. Tex. Bus. & Com. Code § 17.565; *Castillo v. State Farm Lloyds*, 210 Fed. App'x. 390, 395 (5th Cir. 2006). Finally, the limitations period for breach of the duty of good faith and fair dealing is also two years. Tex. Civ. Prac. Rem. Code § 16.003(a); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990).

[2] Plaintiff also challenges Tousant's affidavit (Doc. No. 14 at 4-5); however, as Defendants do not rely on Tousant's affidavit to demonstrate their provision of notice to Plaintiff, the Court need not consider that affidavit in its resolution of the instant motion.

8

remaining claims (*id.* ¶¶ 3-6); (3) Murray's statement in his affidavit that he faxed and mailed State Farm's rejection letter to Plaintiff at the fax number and address provided by Plaintiff (*id.* ¶¶ 6-8); and (4) Plaintiff's inclusion of Murray as a Defendant in this case, reflecting Plaintiff's own understanding that Murray was involved with the claim and has knowledge of relevant issues in this case. Murray's affidavit sufficiently sets forth the basis for his knowledge of the statements contained therein.

Plaintiff's contention that Murray's affidavit refers to unsubstantiated facts is equally baseless. One portion of Murray's affidavit is substantiated by a fax confirmation, which itself raises a rebuttable presumption that the document faxed was received. *Stevens Ship. and Term. Co. v. Japan Rainbow, II MV*, 334 F.3d 439, 444 (5th Cir. 2003); s*ee also American Paging v. El Paso Paging, Inc.*, 9 S.W.3d 237, 240 (Tex. App.—El Paso 1999, pet. denied) (citations omitted). More importantly, though, as an affidavit is itself competent summary judgment evidence, Defendants need not offer any additional evidence to substantiate the uncontroverted facts contained in Murray's affidavit. Rather, it is Plaintiff's burden to submit evidence that gives rise to a genuine issue of material fact.

Finally, Plaintiff's complaint that the affidavit contains hearsay is unpersuasive. Pursuant to Rule 801(d)(2) of the Federal Rules of Evidence, an opposing party's statement, made by the party in his or her individual capacity, is not hearsay. Here, Plaintiff's statement to Murray providing Plaintiff's fax number and address is being offered against Plaintiff and was made by Plaintiff in his individual capacity. Fed. R. Evid. 801(d)(2)(A). Thus, Plaintiff's own statements to Murray directing him to fax the rejection letter to a specific phone number and to send it to a particular address are admissible non-hearsay statements. Even if Murray's testimony about his statements to Plaintiff is

9

inadmissible, his testimony about sending and faxing the rejection letter to the number and address provided by Plaintiff undoubtedly is not hearsay.

In responding to Defendants' motions for partial summary judgment, Plaintiff could have submitted his own affidavit to controvert Murray's statements. Plaintiff could have testified, for example, that he never received the fax or the mail sent to him. Such an affidavit by Plaintiff likely would have given rise to a genuine issue of material fact as to whether and when notice was provided. Plaintiff chose not to submit such evidence, however, and the uncontroverted record indicates that such notice was sent to Plaintiff. Thus, all claims as to which the July 2, 2008 letter provided notice are barred by the statute of limitations.

### 2. Option ID and ALE Claims

Plaintiff argues that that, even assuming that he received the July 2, 2008 notice, two of his claims—his "Option ID" claim and his "Additional Living Expense" ("ALE") claim—were not denied in that letter, and therefore the statute of limitations never began to run as to those claims.

#### a. July 2, 2008 letter

In the first paragraph of the letter, State Farm informs Plaintiff that, "after careful consideration, [State Farm has] decided to deny your claim for the remaining proceeds under the above policy." (Doc. No. 12-A-1.) In the second paragraph, the letter states that, on the basis of its investigation, State Farm "has concluded that you violated the Concealment and Fraud provision of your policy relative to your claim for debris removal, personal property, and storage. Your misrepresentations, concealment of information and fraud hindered the investigation of your claim and breached the conditions of your policy."

10

(*Id.*) After quoting language about concealment and fraud from Plaintiff's policy, the letter then states: "As a result of your misrepresentations, concealment of information, and fraud, your policy is void under the provisions stated above. By specifying the above grounds for rejecting your claim, State Farm does not intend to waive any of its rights, but rather specifically reserves all of its rights." (*Id.*)

In urging the Court to interpret this letter as denying *all* of Plaintiff's remaining claims, State Farm emphasizes the first paragraph of the letter which indicates generally that State Farm is denying Plaintiff's claim for "the remaining proceeds." (*Id.*) Plaintiff does not appear to dispute that such a term, construed broadly, would include Plaintiff's Option ID and ALE claims. However, Plaintiff directs the Court to the statement, one paragraph below, that Plaintiff's alleged violation of the Concealment and Fraud provision is "*relative to* [his] claim for debris removal, personal property, and storage." (*Id.* (emphasis added).) Plaintiff contends that this sentence qualifies and limits the term "remaining proceeds" in the first paragraph, and indicates that the letter provides notice of denial only of his claims for debris removal, personal property, and storage.

The Court is persuaded that Plaintiff's reading is correct. The Texas Insurance Code provides that, when an insurer rejects a claim, the notice provided "must state the reasons for the rejection." Tex. Ins. Code. § 542.056(c). The only reason stated in this letter for rejecting Plaintiff's claims is Plaintiff's violation of a provision of his insurance policy related to concealment and fraud. As to that reason, the letter specifies that his violation is "relative to" three particular claims. The Court cannot read the letter as a general denial of all of Plaintiff's remaining claims; such a reading would implicate a violation of the Insurance Code on the part of Defendants, as they would have offered a

11

reason only for the rejection of three of Plaintiff's claims while purporting to reject five of them. Thus, the Court does not read the letter as providing notice of the denial of Plaintiff's Option ID and ALE claims.

### b. Constructive notice as to ALE claim

Defendants urge that, even if the July 2, 2008 letter does not constitute notice as to the ALE claim, Plaintiff was given constructive notice of State Farm's denial of this claim when State Farm stopped making ALE payments to Plaintiff on October 5, 2006. (Tousant Aff. ¶ 5.) Defendants emphasize that a bad faith cause of action accrues at the moment an insurer should pay a claim, but fails to do so. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990); *Provident Life and Accident Insurance Co. v. Knott*, 128 S.W.3d 211 221 (Tex. 2003). According to Defendants, Plaintiff should have had notice of this failure—and therefore his claim should have accrued—when State Farm stopped making ALE payments in 2006.

One flaw in this argument is that, even if some of Plaintiff's claims would begin to run when Plaintiff received constructive notice, Defendants do not address the fact that such "constructive notice" would violate the Texas Insurance Code's requirement that notice of the acceptance or rejection of a claim must be provided in writing. Tex. Ins. Code. § 542.056(a). Defendants do not tailor their constructive notice argument to a subset of Plaintiff's claims, nor do they offer case law to support it. The Court is not persuaded, based on the conclusory argument made by Defendants, that the constructive notice theory applies to all, or even any, of Plaintiff's claims in this case.

Defendants' constructive notice argument fails as a factual matter, as well. Although the Court recognizes that facts may be adduced which prove that Plaintiff

12

received constructive notice of the denial of his ALE claim, Defendants have thus far failed to adduce them. Defendants have not established what sorts of payments, and with what regularity, were provided to Plaintiff on his ALE claim prior to October 5, 2006. Without an understanding of that payment pattern, the Court cannot determine whether State Farm's termination of its payments to Plaintiff would or should have provided constructive notice of anything. The burden here is on Defendants, and they have failed to persuade the Court that Plaintiff was provided notice of State Farm's alleged denial of his ALE claim.

### B.  Motion to Dismiss Defendants Tousant and Murray

Defendants Tousant and Murray move, in the alternative, for dismissal of Plaintiff's complaint for failure to state a claim upon which relief can be granted. Defendants Tousant and Murray contend that Plaintiff provides only vague and conclusory allegations as to those Defendants' violations of Section 541.060(a) of the Insurance Code and the DTPA.

### 1.  Insurance Code Claims

Plaintiff alleges that Defendants Tousant and Murray violated the Texas Insurance Code by engaging in the following practices:

(a)  Misrepresenting to Plaintiffs material facts or policy provisions relating to the coverage at issue;

(b)  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant State Farm's liability under the Policy was reasonably clear;

(c)  Failing to promptly provide Plaintiffs [sic] with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant State Farm's denial of the Claim or offer or a compromise settlement of the Claim; and/or

13

>    (d)    Failing to conduct a reasonable investigation of Plaintiffs' [sic] Claim.

(Pl. Original Pet. ¶ 24.) These allegations track Sections 541.060(a)(1), (a)(2)(A), (a)(3), and (a)(7) of the Texas Insurance Code, respectively.

In addition to quoting language from the Insurance Code, Plaintiff's Original Petition asserts that Defendants Tousant and Murray, as the agents assigned to Plaintiff's claim, investigated the damage to the Property, and then "issued a damage estimate that failed to fully quantify the damage done to the Property, thus demonstrating that they did not conduct a thorough investigation of the Claim." (Pl. Original Pet. ¶ 23.) Plaintiff further alleges that Tousant and Murray prepared a "grossly undervalued damage estimate" and "engaged in unfair settlement practices by misrepresenting material facts to Plaintiffs – the true value of Plaintiffs' covered loss." (*Id.*) Plaintiff concludes that Tousant and Murray "also failed to provide Plaintiff a reasonable explanation as to why Defendant State Farm was not compensating Plaintiffs [sic] for the full value of Plaintiffs' [sic] covered losses." (*Id.*)

In moving for dismissal, Defendants assume that Rule 9(b) applies to Plaintiff's claims under the Insurance Code. This Court has held in the past that certain claims under Section 541.060(a) of the Insurance Code must satisfy only the Rule 8 pleading requirements. *Partain*, 838 F. Supp. 2d at 559. As discussed above, the Rule 9 pleading requirements need be met only when the claims are "substantively identical" to claims of fraud. *Carter*, 2011 WL 2193385, at *1. The Court will not assume, without argument by Defendants, that these claims are each subject to Rule 9(b).

The Court turns first to Plaintiff's allegation that Defendants Tousant and Murray violated Section 541.060(a)(1) by misrepresenting a material fact or policy provision relating to coverage at issue. Tex. Ins. Code § 541.060(a)(1). As this Court has explained in the past, claims for misrepresentation brought under Section 541 require proof of reliance and causation. *Partain*, 838 F. Supp. 2d at 559. Plaintiff alleges only that Tousant and Murray misrepresented to Plaintiff the true value of Plaintiffs' covered loss. Even assuming that Tousant and Murray incorrectly estimated the value of Plaintiff's covered loss, and represented that flawed figure to Plaintiff, it is unclear how that representation to Plaintiff caused any damage. That is, Plaintiff appears to be challenging the accuracy of the calculation, not the fact that an erroneous calculation was conveyed to him. It therefore is impossible to tell, from Plaintiff's Original Petition, how the alleged misrepresentation caused any damage to Plaintiff whatsoever. This claim is dismissed without prejudice.

Plaintiff's next allegation arises under Section 541.060 (a)(2)(A), which makes it a violation of the Insurance Code to fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. Tex. Ins. Code § 541.0609(a)(2)(A). Plaintiff's allegations—that Defendants Tousant and Murray failed to adequately investigate and quantify Plaintiff's claim—does not provide any information as to whether or how Defendants Tousant and Murray failed to effectuate a fair settlement. More problematically, Plaintiff fails to allege that the insurer's liability was ever reasonably clear. This claim therefore is dismissed without prejudice.

Plaintiff alleges, under Section 541.060(a)(3), that Defendants Tousant and Murray failed to promptly provide a reasonable explanation of the basis in the insurance policy, in

15

relation to the facts or applicable law, for State Farm's denial of Plaintiff's claim. Though Plaintiff may well have a claim under this Section, he does not allege any facts to support it. That Defendants Tousant and Murray may have conducted a defective investigation does not relate to whether they did or did not explain the basis in the Policy for the denial of Plaintiff's claim. This claim, too, is dismissed without prejudice.

Finally, Plaintiff alleges, under Section 541.060(a)(7), that Defendants Tousant and Murray failed to conduct a reasonable investigation of Plaintiff's claim. This allegation appears to be the crux of Plaintiff's Insurance Code claim as to Defendants Tousant and Murray. However, it, too, is inadequately pled. Plaintiff alleges only that Defendants Tousant and Murray failed to reasonably investigate Plaintiff's claim by inadequately quantifying the damage to Plaintiff's property. Plaintiff fails to offer any specific factual allegations as to what Defendants Tousant and Murray did, how their investigation was defective, or examples of damages that Defendants failed to account for. *Cf. Hart v. Nationwide Prop. & Cas. Ins. Co.*, CIV. A.H-10-2558, 2011 WL 2210034 (S.D. Tex. May 5, 2011) (dismissing plaintiff's Insurance Code claims, noting plaintiff's failure to allege "facts detailing what Nationwide did during the investigation process that made it 'outcome oriented,' what Nationwide ought to have done to conduct a reasonable investigation, that the evaluation was unfair and inequitable, or examples of Plaintiff's damages that were allegedly overlooked or undervalued"). Plaintiff's claim under Section 541.060(a)(7) is dismissed without prejudice.

### 2.  DTPA Claims

Plaintiff also alleges that Defendants Tousant and Murray violated the DTPA. Plaintiff alleges that Defendants engaged in the following deceptive practices:

16

    (e)    Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

    (f)    Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    (g)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    (h)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

    (i)    Violated the provisions of the Texas Insurance Code described herein.

(Pl. Original Pet. ¶ 30.) The first three of the foregoing allegations track the statutory language of Sections 17.46(b)(5), 17.46(b)(12), and 17.46(b)(24) of the DTPA. The fourth allegation seems to describe a more general DTPA violation. The fifth, which relates the Insurance Code violations discussed above, does not appear to relate to the DTPA. In addition to quoting the DTPA's statutory language, Plaintiff describes Defendants' alleged DTPA violations as follows: "Defendants took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiff's detriment," resulting in "a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration." (Pl. Original Pet. ¶ 31.)

    In moving to dismiss Plaintiff's DTPA claim, Defendants Tousant and Murray assume that the claim is governed by Rule 8,[3] notwithstanding the fact that some courts have held DTPA claims to Rule 9(b)'s more demanding standards. Even under Rule 8, this claim lacks allegations sufficient to state a plausible claim. Indeed, Plaintiff's recitation of

---

[3] *See* Doc. No. 13 at 12 ("Plaintiff did not assert any specific facts sufficient to meet the pleading requirements of Rule 8 to support his claim that Defendants Tousant and Murray violated the DTPA.").

statutory language, supplemented by a conclusory allegation that Defendants took advantage of Plaintiff's inexperience, does little more than set forth labels, conclusions, and a formulaic recitation of the elements of the claim. Under *Twombly*, 550 U.S. at 555, such pleading is inadequate.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's claims in this case based upon debris removal, personal property, and storage are untimely, as they were filed outside of the relevant statute of limitations. As to those claims, partial summary judgment in favor of Defendants must be **GRANTED**. As to Plaintiff's claims based on Option ID and ALE coverage, Defendants' motions for partial summary judgment are **DENIED**. The Motion to Dismiss filed by Defendants Tousant and Murray is **GRANTED**. Plaintiff is granted leave to amend. Any such amendment must be made within 20 days of this Memorandum and Order.

**IT IS SO ORDERED.**

**SIGNED** in Houston, Texas this the 25th day of July, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE