UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY ALEXANDER, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-CV-490 |
| | § | |
| STATE FARM LLOYDS, CARRIE | § | |
| TOUSANT, AND REGINALD MURRAY, | § | |
| | § | |
|    Defendants. | § | |

**MEMORANDUM AND ORDER**

Now pending before the Court is a Second Motion for Partial Summary Judgment filed by Defendant State Farm Lloyds ("State Farm"). (Doc. No. 19.) After considering State Farm's motion, all responses thereto, and the applicable law, the Court concludes that State Farm's Second Motion for Partial Summary Judgment must be **GRANTED.**

**I.      BACKGROUND**

This case arises out of an insurance claim that Plaintiff Tony Alexander ("Alexander") submitted to Defendant State Farm for fire damage to a residence in Humble, Texas (the "Property"). The fire damage to the Property occurred on or about July 25, 2005. (Pl. Original Pet., Doc. No. 17-1 ¶¶ 12-13.)

Alexander sought to recover for the fire under a homeowners policy (the "Policy") issued by State Farm insuring the Property. (*Id.* at ¶ 14.) The parties appear to be in agreement that Alexander also sought coverage under the Policy for the following damages and expenses: damage to additional personal property, additional living expenses

1

("ALE"), storage expenses, architect plans, debris removal expenses, and Option ID (increased dwelling) coverage. Defendant Carrie Tousant ("Tousant"), a State Farm adjuster assigned to Alexander's claim, avers that State Farm determined, during its investigation, that Alexander intentionally made material misrepresentations and concealed material facts regarding the claim thereby violating the Concealment or Fraud provisions of the Policy and voiding the Policy. (Affidavit of Carrie Tousant ("Tousant Aff."), Doc. No. 21-A ¶ 6.)

According to Defendant Reginald Murray ("Murray"), a State Farm employee, Murray called Alexander on June 24, 2008 and notified him of State Farm's decision to deny the remaining claims. (Affidavit of Reginald Murray ("Murray Aff."), Doc. No. 12-B ¶ 3.) Murray avers that Alexander then called Murray on June 25, 2008 and requested that State Farm fax a copy of its rejection letter to Plaintiff. (*Id.* at ¶ 5.) Murray further states that, on July 2, 2008, Murray called Plaintiff to obtain an address and fax number to which Plaintiff wanted State Farm to send its rejection letter. (*Id.* at ¶ 6.) Murray states that, on July 2, 2008, he sent the rejection letter via fax, via U.S. Certified Mail, and via U.S. First Class Mail, to the fax number and address provided by Plaintiff. (*Id.* at ¶ 7.) Attached to Tousant's affidavit is a copy of the rejection letter and a delivery confirmation for the fax. (Tousant Aff. at A-1 and A-2.) Murray indicates that the letter sent on July 2, 2008 via certified mail was returned to State Farm on December 19, 2008 by the U.S. Postal Service. (Murray Aff. ¶ 10.) The copy of letter sent via first class mail was not returned. (*Id.* at ¶ 11.)

On July 31, 2008, State Farm issued a refund to Alexander for the Policy's premiums from the Policy's inception date, August 4, 2004, in the amount of $23,010.00. (Doc. No. 19, Ex. A-2.) In a letter dated August 4, 2008, State Farm notified Alexander:

> In our letter to you dated July 2, 2008, State Farm denied liability for a claim arising out of a Fire loss purportedly occurring on July 24, 2005. In accordance with that letter, State Farm considers the captioned policy void and of no force and effect as of July 24, 2005. (*Id.* at Ex. A-1.)

The letter was sent to Alexander by U.S. First Class Mail. (Murray Aff. ¶ 4.) This letter was never returned to State Farm. (*Id.* at ¶ 6.) On August 19, 2008, Alexander cashed State Farm's July 31, 2008 check. (*Id.* at ¶ 4.)

On March 1, 2011, Alexander filed his Original Petition in state court in Harris County, Texas. (Doc. No. 17-1.) Alexander's Original Petition asserts a number of claims based on State Farm's denial of his insurance claims. Specifically, the Original Petition alleges that Defendants State Farm, Tousant, and Murray committed unfair settlement practices in violation of Section 541.060(a) of the Texas Insurance Code (the "Insurance Code") (Pl. Original Pet. ¶¶ 18-25), and that they engaged in false, misleading or deceptive acts or practices in violation of the Texas Deceptive Trade Practices Act ("DTPA"), codified in Sections 17.41 to 17.63 of the Texas Business and Commerce Code. (*Id.* ¶¶ 28-31.) The Original Petition also alleges that Defendant State Farm breached the contract between it and Alexander, and that State Farm breached the common law duty of good faith and fair dealing. (*Id.* at ¶ 27.). In February 2012, State Farm removed the suit to federal court. In July 2012, this Court issued a Memorandum and Order granting Defendants Tousant and Murray's Motion to Dismiss on all claims. (Doc. No. 18.) Alexander was granted leave to amend the complaint within 20 days of the order,

but did not do so. Therefore, Defendants Tousant and Murray are dismissed with prejudice from this case. In that same order, this Court granted State Farm's Motion for Partial Summary Judgment (Doc. No. 12) as to the extra-contractual claims based upon debris removal, personal property, and storage because the same were filed outside the relevant statutes of limitations. The Court denied State Farm's Motion for Partial Summary Judgment of extra-contractual claims based on Option ID and ALE coverage ("remaining claims"). State Farm then filed the current Second Motion for Partial Summary Judgment on the remaining claims.

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

Summary judgment is appropriate where the pleadings and evidence show that no genuine issue of material fact exists, and that the movant therefore is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment must demonstrate the absence of any genuine issue of material fact; however, that party need not negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1997). If the moving party meets this burden, the nonmoving party then must go beyond the pleadings to identify specific facts showing there is a genuine issue for trial. *Id.* "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted).

Factual controversies should be resolved in favor of the nonmoving party. *Liquid Air Corp.*, 37 F.3d at 1075. However, "summary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support

a judgment in favor of the nonmovant." *Id.* at 1076 (internal quotations omitted). Importantly, "[t]he nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence." *Diaz v. Superior Energy Servs., LLC*, 341 F. App'x 26, 28 (5th Cir. 2009) (citation omitted). A court should not, in the absence of proof, assume that the nonmoving party could or would provide the necessary facts. *Liquid Air Corp.*, 37 F.3d at 1075.

Rule 56 allows a party to submit an affidavit to support or oppose a motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A). Any such affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

### III. ANALYSIS

The parties do not dispute that Alexander's extra-contractual claims are governed by a two-year statute of limitations. (Doc. No. 18 p. 7.) State Farm claims that it notified Alexander in a letter dated July 2, 2008, that State Farm was denying his claim for remaining proceeds under the Policy. (Doc. No. 19 ¶ 23.) State Farm further asserts that a follow up letter dated August 4, 2008 notified Alexander that the Policy was void and of no force and effect as of July 24, 2005, the date of the Fire. (*Id.* at ¶ 24.) State Farm claims that these two letters, and the fact that Alexander cashed the refund check on August 19, 2008, means that Alexander's claims against State Farm began to run, at the latest, on August 19, 2008. (*Id.* at ¶ 27.) Since Alexander did not file suit until March 1, 2011, State Farm argues that all claims are barred by the two-year statute of limitations.

### A. August 4, 2008 Letter

In this Court's Memorandum and Order (Doc. No. 18), it held that the July 2, 2008 letter denied only the claims for debris removal, personal property, and storage, but not for the Option ID and ALE claims. (*Id.* at p. 11.) Therefore, State Farm cannot rely on the July 2, 2008 letter for its statute of limitations argument with respect to the Option ID and ALE claims.

However, the August 4, 2008 letter is worded differently from the July 2, 2008 letter. There is no qualifying term, "relative to [his] claim for debris removal, personal property, and storage", as there was in the July 2, 2008 letter. The August 4, 2008 letter states, "In accordance with [the July 2, 2008] letter, State Farm considers the captioned policy void and of no force and effect as of July 24, 2005." There is no qualifying sentence as to which part of the policy is void. Alexander argues, that because the August 4, 2008 letter refers to the July 2, 2008 letter, which this Court previously decided had denied only the claims based on debris removal, personal property, and storage, it cannot now be used to deny the remaining claims based on Option ID and ALE. The Court is not convinced by this argument. The July 2, 2008 letter specifically denied the claims for debris removal, personal property, and storage based on Alexander's violation of the Concealment or Fraud provision, which reads:

> **Concealment or Fraud.** This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstances relating to this insurance, whether before or after a loss. (Policy, Doc. No. 19-3 p. 34.)

However, there was no such qualifying term as to specific claims denied in the August 4, 2008 letter. The letter stated that the entire policy was void based on violation of

the Concealment or Fraud provision. That provision allowed State Farm to void the entire policy for any "concealed or misrepresented [] material fact or circumstances relating to this insurance." The violation did not have to relate directly to the remaining claims. Since in Texas "insurance contracts are subject to the same rules of construction as other contracts," *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.3d 738, 741 (Tex. 1998), "courts must give the words their plain, ordinary, and generally accepted meaning unless the policy shows that the words were meant in a technical or different sense." *Fed. Deposit Ins. Corp. v. Firemen's Ins. Co. of Newark, N.J.*, 109 F.3d 1084, 1087 (5th Cir. 1997). Neither party has asserted that the Concealment or Fraud provision had any other meaning but its plain and ordinary meaning. Additionally, Alexander has not asserted that he did not violate this provision. Therefore, State Farm had the right to void the entire Policy for a violation of the Concealment or Fraud provision. *See Howard v. State Farm Lloyds*, H-04-0352, 2005 WL 2600442 (S.D. Tex. Oct. 13, 2005) (granting summary judgment because Plaintiff violated a Concealment or Fraud provision because it "void[ed] the Policy as to all coverages."); *Texas Farmers Ins. Co. v. Murphy*, 996 S.W.2d 873, 878 (Tex. 1999) ("Concealment or Fraud" provision includes a "condition or bar to coverage for all insureds if any one of them commits fraud or intentionally conceals or misrepresents a material fact."); *McCullough v. State Farm Fire & Cas. Co.*, 80 F.3d 269, 271 (8th Cir. 1996) ("We agree with State Farm that the plain meaning of the "concealment, misrepresentations, or fraud clause in the policy ... was clear: that the entire policy would be immediately void...."). State Farm stated its decision to void the entire Policy in its August 4, 2008 letter.

Alexander submitted an affidavit that states he does not "have a specific recollection from any one at State Farm verbally contacting [him] and informing [him] that State Farm was voiding [his] Policy." (Doc. No. 20-1 ¶ 2.) There is no requirement within the Policy that Alexander be notified verbally if his Policy is void. The Policy states that "[if] this policy is cancelled, [State Farm] will give the mortgagee specifically named in the Declarations written notice of cancellation." (Policy, Doc. No. 19-3 p. 28.) Therefore, written notification is sufficient. State Farm asserts that it sent the letter to the mailing address Alexander provided to Murray during his July 2, 2008 telephone conversation by U.S. First Class Mail on August 4, 2008. (Murray Aff. ¶ 7; Doc. No. 19 ¶ 4.) Alexander's affidavit does not deny that he received the August 4, 2008 letter nor that he did not understand that that letter voided the entire Policy. (Doc. No. 20-1.) In the Fifth Circuit, "'[p]roof that a letter properly directed was placed in a U.S. Post Office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed.'" *Warfield v. Byron*, 436 F.3d 551, 556 (2006) (*quoting Beck v. Somerset Techs., Inc*., 882 F.2d 993, 996 (5th Cir. 1989)). The Court must assume that the letter mailed by State Farm to the address Alexander provided reached its destination in the usual time and was actually received by Alexander. Since Alexander has not rebutted this presumption, there is no genuine issue of material fact as to whether he received the notice that the Policy was void. The Court assumes that the August 4, 2008 letter was received, at the latest, by the beginning of September 2008. Alexander did not file suit until March 2011, two and a half years after Alexander had notice that the Policy was void. Therefore, the two-year statute of limitations on all claims had already passed. Since Alexander's claims were not timely filed based on the August 4,

2008 letter, the Court need not determine whether the refund check issued by State Farm was notice of voiding the Policy.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Alexander's remaining claims based on Option ID and ALE coverage were not filed within of the relevant statute of limitations. Therefore, State Farm's Second Motion for Partial Summary Judgment is **GRANTED.** Defendants Tousant and Murray are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED** in Houston, Texas this the 2nd day of January, 2013.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE